UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCUS DILLARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 1:20-cv-03224-SEB-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE IN OPPOSITION TO MARCUS DILLARD'S AMENDED 28 U.S.C. § 2255 MOTION**

This Court should deny Marcus Dillard's amended motion to vacate his conviction and sentence filed pursuant to 28 U.S.C. § 2255. (D. 14.) Dillard's ineffective assistance of counsel claims fail to meet the *Strickland* standard.[1]

## *Background*

Dillard was initially charged in a criminal complaint with three counts that included possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)

---

[1] In Dillard's original § 2255, his only argument was that his counsel failed to file an appeal. (D. 1, 2.) Dillard has repeated this claim here in Section B. (D. 14 at 20.) The government notes that this claim has been briefed in its original response filed on August 19, 2021 and incorporates that herein. (D. 15.)

(Count 2); and possession of a firearm and/or ammunition as a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (Crim. D. 1.)

Harold Samuel Ansell was appointed as counsel for Dillard. (Crim. D. 21.)

Ultimately, Dillard agreed to waive indictment and was charged in an Information with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). (Crim. D. 13.)

On November 18, 2019, the parties filed a petition to enter a plea of guilty and plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). (Crim. D. 19.) Dillard agreed to plead guilty as charged. (*Id.* at 1.) The parties agreed to a sentence of 97 months' imprisonment. (*Id.* at 9.) The government agreed that Dillard should receive a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b). (*Id.* at 23.)

On June 3, 2020, the Court accepted Dillard's plea. (*Id.*) Following the terms of the plea agreement, the Court sentenced Dillard to 97 months' imprisonment. (Crim. D. 50.)

On December 14, 2020, Dillard filed a motion to vacate under 28 U.S.C. § 2255 arguing his counsel was ineffective for failing to file a notice of appeal.

(D. 1, 2.) On August 19, 2021, the government filed its response to Dillard's claim. (D. 15.)

### *Dillard's Amended 28 U.S.C. § 2255 Motion*

On August 16, 2021, Dillard filed an amended motion to vacate under 28 U.S.C. § 2255. (D. 14.) Dillard claims that this counsel failed to: 1) inform him of the consequences of pleading guilty; 2) file any pretrial motions; 3) conduct a pretrial investigation; 4) attempt to negotiate a favorable plea; and 5) file an appeal. (*Id.* at 6.)

### 28 U.S.C. § 2255 STANDARD OF REVIEW

Relief under § 2255 "is reserved for extraordinary circumstances." *Hays v. United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)). The reason is straightforward: "because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almon acid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

"Hence, relief is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Dillard v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)); *see* 28 U.S.C. § 2255(a).

# DISCUSSION

## I. Dillard Cannot Show Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, Dillard must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that (1) his attorney performed deficiently, and (2) the deficiency in performance prejudiced him. *Id.*

In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore*, 126 F.3d 876, 881-81 (7th Cir. 1997). The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694; *see also Bell v. Cone*, 535 U.S. 685, 697-98 (2002). It is not enough for Dillard to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

A court "need not consider the first prong of the *Strickland* test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant." *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003) (*citing Matheney v. Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)). "If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Dillard's right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). On the performance prong, Dillard must show that counsel's representation in connection with the plea process "fell below an objective standard of reasonableness." *Id.* at 163 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). In this context, the Court must take particular care to avoid the "distortions and imbalance that can inhere in a hindsight perspective[.]" *Premo v. Moore*, 562 U.S. 115, 125 (2011).

To establish prejudice, Dillard must show that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163. Thus, Dillard must show prejudice "by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

5

Moreover, Dillard's claims must be viewed in context of his guilty plea. "Surmounting *Strickland*'s high bar is never an easy task." *Lee*, 137 S. Ct. at 1967 (citing *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "[A]nd the strong societal interest in finality has 'special force with respect to convictions based on a guilty plea.'" *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Thus, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.*

### A. Dillard Fails to Show Counsel Was Deficient During the Plea Process

Dillard's claim that his counsel was ineffective during the plea process is meritless. (D. 14.)

He first argues that he did not sign a waiver of indictment giving this court jurisdiction to accept the plea of guilty. (D. 14 at 2.) But this contradicts the record. First, during his initial appearance, Dillard executed a waiver of indictment, which was filed with this Court. (Crim. D. 26.) And during his plea hearing, the Court verified this was correct:

> THE COURT: Okay. The file discloses that you have consented to proceed by way of an information. That means you waived your right to have the grand jury consider the evidence and make a decision.
> So we're proceeding on the basis of the information that was filed. Ordinarily, the grand jury makes a decision about whether to bring criminal felony charges in the federal system, but that's a right that, while it's yours, you can give it up if you choose to do that, if you do that voluntarily.

> There's another document in the file here that I have – I'm reading from the files, the matters in the file, Mr. Dillard -- that is a waiver of indictment, and it indicates that this explanation was made to you back in December by Magistrate Judge Dinsmore. Do you remember when he explained this to you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And so do you want me to proceed on the basis of your waiver today? Shall we continue with that?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 7-8.) Thus, Dillard's claim is factually incorrect.

Dillard next claims that his counsel failed to "inform Dillard of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial" and that he "push[ed] Dill to plead guilty." (D. 14 at 6-7.) But this contradicts his in-court statements. He told this Court, on three separate occasions, that no one persuaded or coerced him against his will to plead. (Tr. 4, 13, 17.) First when the Court inquired whether he had been persuaded or coerced Dillard stated "No, Your Honor. I made the decision." (Tr. 4.) Later, he again provided that after he discussed the plea carefully with his counsel he was not persuaded or coerced and his decision was made on his own, freely and voluntarily. (Tr. 13.) And once again the Court inquired whether Dillard had been persuaded or coerced against his will to plead guilty and he stated "No, Your Honor." (Tr. 17.)

He also informed the Court that his counsel discussed with him that he had the choice to plead guilty or go to trial. (Tr. 4.) The Court asked if

7

Dillard had any questions for the Court regarding his decision to plead and he stated he did not. (Tr. 17.)

Further, he affirmed that he read the Information carefully and discussed the charges with his counsel. (Tr. 8.) Dillard asserted that he understood the two charges against him and had no questions regarding the essential elements of the charges. (Tr. 9-10.)

Next, Dillard agreed that he had signed the plea agreement accepting all of the terms. (Tr. 12.) Dillard also affirmed that he was satisfied with his counsel's representation. (Tr. 17.) The Court even went on to state that:

> THE COURT: Mr. Ansell's well known to me as a judge of the court because he appears regularly representing people like you and making sure that their interests are protected in terms of these prosecutions. So I know that he knows his business as a defense lawyer, but I want to make sure that he's performed in a way that you find acceptable, too.
>
> Has his performance, as far as you're concerned, been acceptable?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 17-18.)

Dillard's claims are contradicted by his own statements. That should end this matter. "The whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made." *United States v. Ellison*, 835 F.2d 687 (7th Cir. 1987). Thus, "[r]ational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding." *See Bontkowski v. United States*, 850

8

F.2d 306, 314 (7th Cir. 1988). Dillard clearly understood his plea and made it voluntarily. He cannot show any differently.

### B. Dillard's Counsel Was Not Ineffective For Declining to File Any Pretrial Motions

Dillard claims his counsel failed to file any pretrial motions such as motion to dismiss or suppress the evidence. (D. 14 at 4.) He claims these motions would have shown the "strength of the government's case and the evidence that they had against Dillard" allowing Dillard to "make an informed decision on whether to plead guilty." (D. 14 at 8.)

But he cannot prevail under *Strickland* by speculating about hypothetical motions. To prevail on his claim that his counsel was ineffective for failing to move to suppress the evidence, Dillard "must show that such a motion would have succeeded." *Craigg v. United States*, 400 F. App'x 73, 74 (7th Cir. 2010); *see also United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004); *Owens v. Wainwright*, 698 F.2d 1111, 1114 (11th Cir. 1983). He has failed to do so.

In all events, Dillard's claim is actually an attack of his (and his counsel's) strategy to plead guilty early for the best deal. Dillard agreed to waive indictment and opted for an Information and plea agreement that allowed for no further delays in his case and a plea offer that significantly reduced Dillard's criminal liability. That epitomizes a strategic decision. *Cf. Barnhill v. Flannigan*, 42 F.3d 1074, 1079 (7th Cir. 1994) (selecting which

9

arguments to raise is strategic). And strategic decisions, made after a thorough investigation, "are 'virtually unchallengeable.'" *Blackmon v. Williams*, 823 F.3d 1088, 1103 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 690).

And to be sure, courts have recognized the strategy of pleading early instead of moving to suppress. Attorneys may make "the reasonable strategic decision not to pursue a motion to suppress—regardless of its underlying merit—because doing so would have undermined the plea agreement being negotiated at that time with the government." *Perez v. United States*, 286 F. App'x 328, 332 (7th Cir. 2008); *see also Ayala v. Hatch*, 530 F. App'x 697, 701 (10th Cir. 2013); *United States v. Wintons*, 468 F. App'x 231, 233 (4th Cir. 2012); *United States v. Cervantes*, 267 F. App'x 741, 743 (10th Cir. 2008); *United States v. Thomas*, 171 F. App'x 868, 870 (D.C. Cir. 2005); *United States v. Wilkerson*, 133 F. App'x 564, 567 (10th Cir. 2005); *United States v. Muriel*, 111 F.3d 975, 979 (1st Cir. 1997); *United States v. Cruz*, 785 F.2d 399, 406 (2d Cir. 1986); *Coe v. United States*, 2009 WL 1904376, at *6 (C.D. Ill. June 30, 2009).

The strategy is not difficult to discern. As with many attorneys facing similar situations, Dillard's counsel "wanted to try to get the [government] to work with him on a favorable plea agreement and did not think that filing a motion to suppress . . . would advance this strategy," *Ayala*, 530 F. App'x at

701, thus, the "decision to plead guilty, rather than file a motion to suppress, was a tactical decision," *Muriel*, 111 F.3d at 979.

Filing any such pretrial motions would have scuttled negotiations. Ansell negotiated an extremely favorable plea agreement, capping Dillard's criminal exposure and limiting the Government's recommendation. Dillard's 97-month sentence was a direct benefit of the plea: Dillard received a three-level sentencing reduction for acceptance of responsibility. That would not have happened bar the plea.

Additionally, this plea resolution allowed Dillard to avoid the filing of multiple additional charges. Here, Dillard was found with not only a firearm, but 11 rounds of ammunition, meaning that he could have faced an additional charge of felon in possession of a firearm. Ansell and Dillard avoided those outcomes by agreeing to accept the plea offered by the government.

Indeed, *Strickland* renders that decision "virtually unchallengeable." *Strickland*, 466 U.S. at 690. In fact, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011). Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." *Id*. at 124.

### C. Dillard Fails to Show Ansell Did Not Perform an Adequate and Independent Pretrial Investigation

Next, Dillard claims that his counsel failed to conduct a pretrial investigation, which would include inspecting the discovery in his case, review the validity of the traffic stop, interview officers, and secure an expert witness to counter the government's case. (D. 14 at 3, 9-13.)

To prevail on such a claim, Dillard must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (quoting *United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)); *see also Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). "In a failure to investigate case, a defendant must prove that evidence uncovered during that investigation would have led the attorney to change her recommendation to accept the plea offer." *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013) (citing *Hill*, 474 U.S. at 59).

Dillard has not done so. He bases this argument on facts that he, for the first time, now claims are the events that took place during his arrest. (*Id.* at 10-13.) But this version of events wholly contradict the facts he agreed were true in his plea agreement and colloquy with the Court. (D. 10-13.) In his new version, he claims that he was illegally stopped and only had cash was from his wife's business and three cellular phones in his vehicle. (*Id.*) He fails to mention that a firearm, 11 rounds of ammunition, THC edibles, a

12

digital scale with suspected heroin residue, 69 grams of heroin, and 4 cellular phones were also found in his vehicle.

He cannot succeed here by contradicting the facts he agreed to. *Ellison*, 835 F.2d 687.

Nor does Dillard explain why he did not bring this version to the Court's attention during his colloquy with this Court. During his plea hearing, the Court verified that the "evidence that's summarized in part 5 of the plea agreement" was an accurate summary of the evidence and would permit a reasonably jury to conclude that Dillard was guilty of these two counts and Dillard agreed. (Tr. 24-25.) The Court went on to inquire if Dillard had "any quarrel with the facts" or "disagreement with these facts" and Dillard stated he had no disagreements, and the facts were true. (Tr. 26.) Dillard also confirmed that he did possess the heroin and firearm. (*Id.*) In fact, even discussing the facts of his case, he provided:

> THE COURT: Okay, good. Now would you say that once more, Mr. Dillard, with respect to the facts here? Do you accept these facts as true?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any disagreement with these facts?
>
> THE DEFENDANT: No, no, Your Honor.
>
> THE COURT: Did you do what it says you did, sir, with respect to the possession of the heroin and also the possession of the firearm?

13

THE DEFENDANT: Yes, Your Honor.

(Tr. 26.)

Dillard's claim cannot succeed here. This Court should deny his motion.

### D. Dillard Fails to Show his Counsel's Plea Negotiations Were Deficient

Dillard next claims that his counsel "failed to attempt to negotiate a favorable agreement such as no-contest plea, which would preserve Dillard's defense and would allow plea bargaining." (D. 14 at 18.) He claims that "if not for Ansell's erroneous assessment of Dillard's inaccurate judgment of records; failure to secure a plea agreement from the government; and incorrect advice; Dillard would have opted to go to trial and receive a significantly less harsh sentence." (D. 14 at 19.)

But Dillard provides no evidence to support his claim. Dillard presents nothing to contradict that he did in fact receive the best offer from the government. Regardless, "[w]hether [Ansell] could have negotiated a better plea deal is irrelevant to the issue of prejudice in the ineffective assistance context." *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006). This claim has no merit.

Dillard cannot show that his attorney performed deficiently.

### E. Dillard Has Not Established Prejudice

Nor can Dillard show prejudice. The litigation in this case from the start, plus Dillard's own statements in court, show that he wanted to plead guilty. That contemporaneous evidence precludes his claim here. *Lee*, 137 S. Ct. at 1967. Against that, Dillard merely has his *post hoc* assertions that he would not have pleaded guilty. *Id.* That is insufficient.

Regardless, he suffered no prejudice because the plea benefitted him. By following counsel's advice and pleading guilty with a binding agreement, he received a sentence well-below what he could have faced without the plea. Without his binding plea agreement, he could have faced being convicted on additional counts as charged in the criminal complaint. This alone would have increased his sentence.

And he could have lost the three-level reduction for acceptance of responsibility. If that had happened, Dillard faced a sentence of 101 to 111 months in prison versus the 90 to 97 months he faced with the acceptance of responsibility. In the end, Dillard fails to show any prejudice.

This Court should deny Dillard's claim.

## II. Dillard's Plea Was Knowing and Voluntary

To the extent that Dillard is claiming that his plea was unknowing and involuntary, such a claim would also fail.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005)

15

(citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir.1989) (*citing Brady v. United States*, 397 U.S. 742, 755 (1970)). In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding the plea and grant the defendant's solemn declaration of guilt a presumption of truthfulness. *United States v. Moussaoui*, 591 F.3d 263, 277 (4th Cir. 2010).

Dillard's claim that his plea of guilty was "not voluntary" is clearly refuted by the record of his plea hearing. *See United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) ("A defendant who simply asserts that his plea was not voluntary, in contradiction of his testimony at the plea hearing, however, faces a heavy burden of persuasion.") (internal quotation marks and citation omitted).

The Court's plea colloquy removes any doubt as to the knowing or voluntary nature of Dillard's plea. At the plea hearing, the Court conducted a thorough colloquy pursuant to Rule 11. Thus, the record reflects that Dillard's plea was made both knowingly and voluntarily:

> THE COURT: Okay. The information charges two counts. Did you get a copy of the information?
>
> THE DEFENDANT: Yes, Your Honor.

> THE COURT: Did you read through it carefully and discuss it with Mr. Ansell so you know what the charges are against you?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 8.)

> THE COURT: Okay. Now I'm turning to the petition to enter a plea of guilty and the plea agreement that you signed. Do you remember entering into the plea agreement, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: When you put your name on the last page of this plea agreement, was that your indication that you accept the terms that are written down in this document?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 11-12.)

> THE COURT: This plea of guilty petition, your plea agreement, is like a contract. So it binds you on the one hand and it binds the government on the other hand. So you can see when you read it that you make certain promises and the government makes certain promises. So is everything that you know to be part of your plea agreement written down in this document?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Was anything left out that you think is binding on the government that should have been in here?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Did anyone persuade you or coerce you against your will to enter into this agreement?
>
> THE DEFENDANT: No, Your Honor.

>THE COURT: Was it a decision that you made after you discussed it carefully with Mr. Ansell, but otherwise on your own, freely and voluntarily?
>
>THE DEFENDANT: Yes, Your Honor.

(Tr. 13.)

After reviewing the rights waived by pleading guilty, sentencing factors, and the factual basis, Dillard pleaded guilty. (Tr. 12-27.)

Dillard's assertions about the involuntary nature of his plea directly contradict his actions on the record. The "[e]ntry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999). The statements made by Dillard during the plea hearing are presumed to be true. *Pike*, 211 F.3d at 389; *White*, 597 F.3d at 868.

Dillard's plea was knowing and voluntary. Dillard's claim should be denied.

## CONCLUSION

For the foregoing reasons, Dillard's motion for relief under § 2255 should be dismissed with prejudice.

        Respectfully Submitted,

        JOHN E. CHILDRESS
        Acting United States Attorney

By:   s/Abhishek Kambli
        Abhishek Kambli
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that on October 27, 2021 a copy of the foregoing was filed electronically and that a copy was mailed the following business day, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Marcus Dillard
Reg. No. 17281-028
Memphis - FCI
Inmate Mail/Parcels
P.O. Box 34550
Memphis, TN 38184

                                              s/Abhishek Kambli
                                              Abhishek Kambli
                                              Assistant United States Attorney